UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## APPEARANCE OF COUNSEL FORM

**BAR ADMISSION & ECF REGISTRATION:** If you have not been admitted to practice before the Fourth Circuit, you must complete and return an Application for Admission before filing this form. If you were admitted to practice under a different name than you are now using, you must include your former name when completing this form so that we can locate you on the attorney roll. Electronic filing by counsel is required in all Fourth Circuit cases. If you have not registered as a Fourth Circuit ECF Filer, please complete the required steps at Register for eFiling.

**THE CLERK WILL ENTER MY APPEARANCE IN APPEAL NO.** 25-1028, 25-1019, 25-1024 _____ as

[X] Retained  [ ] Court-appointed(CJA)  [ ] CJA associate  [ ] Court-assigned(non-CJA)  [ ] Federal Defender

[X] Pro Bono  [ ] Government

COUNSEL FOR: AMICUS KALAH NICOLE MARTIN
_____

_____ as the
(party name)

[ ] appellant(s) [ ] appellee(s) [ ] petitioner(s) [ ] respondent(s) [✔] amicus curiae [ ] intervenor(s) [ ] movant(s)

Taylor M. Dant
_____
(signature)

**Please compare your information below with your information on PACER. Any updates or changes must be made through PACER's Manage My Account.**

| | |
|---|---|
| Taylor M. Dant | 919 - 726 - 4812 |
| Name (printed or typed) | Voice Phone |
| Dant Law, PLLC | 336 - 397 - 9413 |
| Firm Name (if applicable) | Fax Number |
| P.O. BOX 436, 9052 W Market St., | |
| Colfax, North Carolina 27235-9622 | td@dantlegal.com |
| Address | E-mail address (print or type) |

**CERTIFICATE OF SERVICE** *(required for parties served outside CM/ECF)*: I certify that this document was served on __1/23/2025__ by [ ] personal delivery; [ ] mail; [✔] third-party commercial carrier; or [ ] email (with written consent) on the following persons at the addresses or email addresses shown:

| LISTED ON CERTIFICATE OF SERVICE; ALL PARTIES THROUGH ELECTRONIC FILING | |
|---|---|

Taylor Dant
_____
Signature

January 23, 2025
_____
Date

No. 25-1018, 25-1019, 25-1024

In The

# United States Court Of Appeals
## For The Fourth Circuit

**JEFFERSON GRIFFIN,**

*Petitioner-Appellee,*

**v.**

**NORTH CAROLINA STATE BOARD OF ELECTIONS.**

*Respondent-Appellant,*

and

**ALLISON RIGGS, et al.,**

*Intervenor- Respondents.*

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE EASTERN
DISTRICT OF NORTH CAROLINA

---

**MOVANT KALAH MARTIN'S REQUEST FOR PERMISSION TO FILE AMICUS BRIEF**

---

**Taylor M. Dant**
P.O. BOX 436
9052 W Market St.,
Colfax, North Carolina 27235-9622
(P)(919) 726 - 4812
(E) td@dantlegal.com

Under this Honorable  Courts Inherent Nature of correct an existing record demonstrating chronically existing manifest injustice in the State of North Carolina, Ka'Lah Martin, (herein referred to as 'Martin'), requests this Honorable Court's permission in allowing Martin's involvement in any manner the Court deems fit. In Candor to the Court, parties, and counsel: Martin has not asked for consent to file Amicus Brief from party-counsel, and; Martin is requesting permission to file Amicus brief eight days from the statutory seven-day deadline under Federal Rules of Appellate Procedure Rule 29; one day following the Responsive Brief Deadline of the Court in good faith due to the following:

i. This case involves issues of state law, jurisdiction on the state and federal level, state agencies, federal agencies, North Carolina State Superior Court, North Carolina State Supreme Court, Eastern District of North Carolina Federal Court back to North Carolina Supreme Court; injunctions, petitions, stays, restraining Orders, state and federal; Motions to intervene, state and federal; Amicus Briefs; state and federal; to finally, appeal in this Honorable Court with Motions to intervene, Amicus Brief, requests to stay, expedited timeline—*in all areas* complicated, emergent, different areas of state Law, federal Law, and Constitutional precedent.

ii. Martin found undersigned's former employer in 2021, who took on her case. Undersigned took the Bar exam in 2021, passed in

2021; and became licensed May 2021 from an out of state law school as a first-generation attorney. Martin's case, as mentioned herein; is a federal case against partners of one of the biggest and most competent law firms, suing a county and around twelve deputies both individually and officially. One month out of eligibility letter, undersigned's clients, on their own, pursued undersigned, unfortunately on her own in a separately diabolical North Carolina administrative agency betrayal, ending in inheriting massive cases either contractually honoring former representation agreements; or attorney of record. Almost four years later the same pure contingency agreement; Martin and undersigned are the last two remaining from 2021's former firm. Martin, and her solo-attorney **without funding**, are the **only** resources used in the pursuit of justice in both *Martin v. Seabolt,* 1:21-cv-00906-LPA, 23-1588 *Martin v. Short, Gabby and Harrelson,* 4th Cir. 2024; (Martin's pending case Order and final Judgment 'Excessive Force') and the above captioned case (the above captioned case, North Carolina State Board of Elections herein referred to as 'NCSBE').

iii.    The issues relative to filing Martin's Amicus Brief in NCSBE are complicated, time consuming, and occurred during the timeline of the thousands of pages of filings in this case. The same exist in the Excessive Force case. There is one similar issue to the NCSBE and Excessive Force case mentioned herein.

iv.    Focused on a motion for new trial following a three-day Federal Jury Trial in the North Carolina Middle District ending on November 20, 2024; undersigned, still on her own, only became notified of this case on a bi-weekly "what is happening in the Courts," online check in. After a mental break for the holidays, it was around fourteen days ago undersigned became notified of this case in all courts.

v.    Undersigned had Fourteen days to discuss with Martin, explain difficult issues of law for Martin's decision, navigate the law, draft and re-draft, strategize the best approach; but most importantly, *triple* check the monumentally important statements as friend of the court mentioned in Martin's Amici Brief. It was time consuming, entirety of the day for fourteen days. On day seven, January 22, 2025; undersigned battled the clock before 12:00, midnight, to request permission to file; unable to send the brief to counselors for permission. However, undersigned decided with issues such as these, issues that affect the entirety of the state of North Carolina and Justice system therein, no brief should be filed in a battle against the clock.

Martin asks the Court to forgive the filing late; and or permit involvement. One continuous inequity in the law is lack of resources to bring cases such as these for those who can not afford legal representation; or difficulties of counsel without funding and resources. Undersigned is not requesting leave to file this Amicus Brief in bad faith, intentionally shifting around counselor consent, or negligently missing statutory timelines; it simply could not be submitted in the diligence necessary and required in seven days.

Martin contemplated filing another request to Intervene alongside this Motion for Permission to file Amicus Brief; it was

decided doing so would be bad faith to the Court, counsel but most importantly the citizens of the State of North Carolina. The same argument, legally and procedurally, may be accomplished with Amici involvement. In the Court's discretion and under the Federal Rules of Civil Procedure, Appellate Rules of Procedure and Local Rules Martin's requests are, truthfully, filed in extraordinary and emergent expedited circumstances requesting the following:

1. Permission to file Amicus Brief under Federal Rules of Civil Procedure, Rule 27; Federal Rules of Appellate Procedure 29 and,

2. Permission to participate in Oral Argument on January 27, 2025.

## INTEREST OF AMICI

Martin offers a unique perspective in pressing, emergent and expedited issues set for Oral Argument in front of this Court Monday, January 27, 2025, with only the interest of protecting the law, the public and in providing clarity to the Court. As of right now, the issues for Oral Argument hide the merits of this case in an excessively unnecessary convoluted political battle arguing State and Federal Procedure yet;

masking as righteous indignation for the public. Martin's perspective would be the **only** perspective without ties to any other entity with interest in the political end to this captioned case. Martin, by and through her solo attorney are filing; in this case, for this motion and briefs, pro bono;[1] and if allowed to be involved can be and will be ready if permitted on Monday for Oral argument.

## SUMMARY OF BRIEF

North Carolina stands as a stark example of systemic corruption, where abuse of power and process infiltrates every level of governance from administrative agencies to the courts, and even to the jury box. Its institutions, entrusted to uphold justice and democracy, have instead perpetuated a culture of self-serving agendas, unaccountability, and manipulation. This pervasive rot undermines public trust, stifles fairness, and leaves individuals powerless against a system designed to protect itself rather than the people it serves. It is not merely a failure of policy but a betrayal of the very principles of justice and democracy.

---

[1] If permitted to participate as Amici, and Amicus Brief is permitted; Amicus Brief was not authored in whole or party for a party. No one, at all, made a monetary contribution, aside from undersigned, to the preparation or submission of any moving document or any brief.

In front of the Court is a jurisdiction argument; but it is much more than "which court hears what." It is two sides believing that they will win a seat…if they can get this case in front of the right court. From online information; there were two federal jury trials in North Carolina during the relevant time frame of this case; but the only Federal Jury trial of all one hundred counties in North Carolina with Voir Dire appears to be Martin's Jury trial; in the Middle District of North Carolina. The Middle District of North Carolina is comprised of twenty-four counties and a population of around three million people. This political case disguised as public care can be struck down with the following: in thousands of pages; not one attorney, administrative agency, election non-profit, or the like filed the importance of a credible election: ***registered voters*** are ***a jury of peers***.

Despite Judge Griffin's impressive efforts following the election, and understandable mistrust in this election being fair; because the NCSBE failed to provide information and hastily shut down protest, Judge Griffin could possible never legally obtain the information he needs to prove sinister and illegal interference by someone or something effecting the election in a manner where Judge Griffin or the Republican

party does not affect the rights of individual voters; specifically democratic voters, veterans, or the like. However, because the Board of Elections seems not to remember its role or the reason the board exits; i.e., their only job - - to follow the law and certify a legal result to an election before, during and after the election; Martin can offer this Court clarity. Martin seems to be the only who held a jury trial in not one county but twenty-four; not just 60,000 votes but a population of 3,000,000 residents voting in the 2024 election. Through extensive research, proof of screenshotting public data mentioned in the Brief; Martin can show the Court:

I.      Judge Riggs and Judge Griffin are both victims of the North Carolina State Board of Elections;

II.     the election results were **illegally** tampered; or, unlikely,

III.    there is yet another "mistake," that would entitle a de-certification of the votes of at least twenty-four counties with enough credibility to call into question every vote in the State of North Carolina Election; and,

IV.     The State of North Carolina is represented by the official actions of the North Carolina State Board of Elections; and,

V.    Judge Riggs is correct, this case belongs in Federal Court; because,

VI.   this case also may belong to the attention of the Department of Justice, civilly or criminally.

**WHEREFORE**, under Federal Rules of Appellate Procedure 27; the United States Court of Appeals for the Fourth Circuit Local Rules and procedure, and in the inherent Discretion of this United States Court of Appeals for the Fourth Circuit; all premises considered, in the interests of the individuals of the State of North Carolina, interests of all parties involved in the matter pending and following; aside from the North Carolina State Board of Elections, and to all parties counsel - -  Martin hereby requests this Honorable Court's permission to file Amicus Brief. Martin also requests to participate in Oral Argument Monday the 27 of January 2025 solely without a desire to assert a position for anyone but the people and to only to answer any questions of the Court.

/s/ *Taylor M. Dant*
Taylor M. Dant, esq.

## CERTIFICATES OF COMPLIANCE

Undersigned counsel certifies that this motion complies with Fed. R. App. P. 27(d)(2)(C), 32(a)(5), 32(g)(1), does not comply with the seven day statutory timeline but asks for permission in discretion due to extraordinary circumstances and Local Rule 27.

Respectfully submitted this the 23 day of January, 2025.

/s/ *Taylor M. Dant*
Taylor M. Dant, esq.
P.O. BOX 436
9052 W Market St.,
Colfax, North Carolina
27235-9622
(P)(919) 726 – 4812
(F)(336) 397 – 9413
(E) td@dantlegal.com


*Counsel for Movant Amici,*
Ka'Lah Nicole Martin.

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically with the Clerk

of Court using the CM/ECF system, which will automatically serve

electronic copies on all counsel of record.

This the 23 day of January, 2025.

<u>/s/ *Taylor M. Dant*</u>
Taylor M. Dant, esq.

**CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically with the Clerk

of Court using the CM/ECF system, which will automatically serve

electronic copies on all counsel of record.

This the 23 day of January, 2025.

/s/ *Taylor M. Dant*
Taylor M. Dant, esq.


*Counsel for Movant Amici,*
Ka'Lah Nicole Martin.